**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

MELISSA SELLERS, *on behalf*
*herself and others similarly situated,*

Plaintiffs,

v. Civil Action No. ___________

FIRST ADVANTAGE BACKGROUND
SCREENING CORP.,

Defendant.

## CLASS ACTION COMPLAINT

COME NOW the Plaintiff, **MELISSA SELLERS** (hereafter "Plaintiff" or "Ms. Sellers"), on behalf of herself and members of the putative class, by Counsel, and for her Complaint against the Defendant, **FIRST ADVANTAGE BACKGROUND SCREENING CORP**. (hereafter "First Advantage" or "Defendant"), allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this Complaint against Defendant First Advantage, a "consumer reporting agency" regulated by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq ("FCRA").

2. Plaintiff was charged with a criminal offense in Fairfax County, but the charge was ultimately dismissed, and in accordance with Va. Code §18.2-251, the case ended "without entering a judgment of guilt[.]".

3. Nevertheless, because Defendant does not review and consider the actual court files in researching Virginia criminal cases, its agents or system superficially collected only the incomplete docket index, which did not contain the substantive details about a "251" dismissal.

4. When First Advantage sold Plaintiff's background check to Plaintiff's employer, the potential employer refused to hire Plaintiff because of the supposed Felony conviction.

5. Accordingly, Plaintiff Sellers alleges an individual claim under 15 U.S.C. § 1681e(b), and a class claim for those similarly situated due to Defendant's failure to assure "reasonable procedures to assure maximum possible accuracy" in the publication of Plaintiff Sellers' consumer report and members of the putative class. She alleges this on a class basis because Defendant's policies here were systemically flawed.

**JURISDICTION**

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

7. Venue is proper because Plaintiff resides in this District and Division and because the events and all damages suffered occurred in this District.

**PARTIES**

8. Plaintiff is a "consumer" as protected and governed by the FCRA and is a member of the putative § 1681e(b) class defined below. Plaintiff has resided within the territorial confines of the Eastern District of Virginia when the events alleged in this lawsuit occurred.

9. First Advantage is a for-profit corporation doing business in the Commonwealth of Virginia. First Advantage operates as a consumer reporting agency as defined by the FCRA. 15 U.S.C. § 1681a(f). First Advantage compiles and maintains files on consumers on a nationwide basis. It then sells this information as consumer reports to various customers who access the First Advantage reports in order to make employment decisions, including whether to hire, terminate, transfer, or promote an employee or prospective employee, including the Plaintiff. First Advantage is also a "reseller" that assembles, and merges information contained in the databases of other

consumer reporting agencies ("CRAs") and resells the data to third parties, as defined in 15 U.S.C. § 1681a(u).

10. Defendant First Advantage is one of the largest volume background check companies in the world, boasting: "[w]e bring years of compliance expertise serving employers in 200+ countries and territories, performing more than 75 million screens in more than 19 languages to over 18 million applicants annually. We know background screening." First Advantage – About Us – Answers When & Where You Need Them, *available at* https://fadv.com/about-us/ (last accessed on August 5, 2021).

**FACTS**

11. In July/August 2020, Ms. Sellers applied for a work from home customer service position with non-party Conduent Incorporated. ("Conduent").

12. As part of the application process, Conduent required Plaintiff to agree to it obtaining a consumer report for employment purposes (commonly known as a "background check") to evaluate her as a potential employee.

13. Conduent obtained that report from First Advantage on around August 14, 2020.

14. The consumer report included a felony guilt conviction for "DRUG POSSESSION SCHEULE I OR II" from Fairfax, Virginia. This information is inaccurate. Court records show that Plaintiff Sellers *was not* convicted of drug possession but was given a deferred disposition pursuant to Va. Code § 18.251 and the Court withheld finding for a period of one year.

15. Sometime thereafter, Conduent rescinded its offer of employment to the Plaintiff.

16. The background report sent from First Advantage to Conduent is a consumer report as governed and defined by the FCRA.

17. Defendant's failure to follow reasonable procedures to assure that its report regarding Plaintiff was accurate was a substantial factor in the rejection of Plaintiff's employment offer and other related actual harm she suffered.

## STATUTORY BACKGROUND

18. The FCRA was enacted to ensure that CRAs report information in a manner that is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. §§ 1681a, 1681b.

19. The FCRA demands that consumer reporting agencies like First Advantage use "reasonable procedures to ensure maximum possible accuracy" of the information it reports. 15 U.S.C. § 1681e(b).

20. Discovery will show that First Advantage uses a largely automated processes for obtaining criminal public-record information using webscrape technology, in which a computer program accesses court or county websites across the country and retrieves criminal-history information like that it attributed to the Plaintiff.

21. First Advantage then compiles this information, without checking the accuracy of its computerized record-gathering and populates the information into reports like the one it provided to Conduent about Plaintiff. Discovery will show that this all takes place electronically, with no human being involved in the compiling, matching, and reporting of criminal-history information or gathering of Virginia records from the actual court files.

22. Further, discovery will show that First Advantage systemically ignores the actual Virginia criminal files when generating background checks and instead, at best, reviews the annotated and incomplete dockets.

23. First Advantage also does not train its employees or systems to understand a case disposition under Va. Code § 18.2-251 and inaccurately pigeonholes it as a generic guilt conviction.

24. Had First Advantage utilized any form of verification of the criminal records it gathers, it would have learned that the felony conviction it included in the report to Conduent about Plaintiff was in fact, inaccurate.

25. At all times relevant to this Complaint, First Advantage's conduct willfully and recklessly ignorant and unconcerned with Plaintiff's statutory rights. First Advantage could have used a more rigorous method for obtaining criminal-history information that would not have yielded the inaccurate felony drug conviction it reported about Plaintiff, yet First Advantage opted for a cheaper method of record gathering that needlessly increases the chances of inaccuracy.

26. Additionally, First Advantage's conduct was willful and carried-out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, First Advantage's conduct was willful because it ran a risk of harm that was known, or so obvious it should have been known, by failing to implement any procedure to identify and correct these common errors prior to furnishing background reports about consumers.

**CLASS ACTION ALLEGATIONS**

27. Plaintiff asserts her claim in Count One on behalf of a putative class initially defined as follows (the "1681e(b) Class"):

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a) who were the subject of a consumer report prepared by First Advantage within five years preceding the filing of this action and during its pendency, (b) that was furnished for an employment purpose, (c) that contained at least one record of a criminal conviction or an arrest in a

> Virginia state court, (e) that reported that record as ending in a conviction; and (f) when in fact the case was terminated and dismissed pursuant to Va. Code § 18.2-251 without a finding of guilt.

Plaintiff is a member of the § 1681e(b) Class.

28. **Numerosity –** FED. R. CIV. P. 23(a)(1). The Class members are so numerous and geographically spread throughout Virginia that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

29. **Existence and Predominance of Common Questions of Law and Fact** – FED. R. CIV. P. 23(a)(2), 23(b)(3). Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures designed to assure maximum possible accuracy. Likewise, whether Defendant acted willfully in its failure to design and implement procedures to assure maximum possible accuracy in order to assure the records it provides to potential employers are in fact accurate will be litigated classwide, by common proof. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

30. **Typicality** – FED. R. CIV. P. 23(a)(3). Plaintiffs' claims are typical of the claims of each Class member. The FCRA violations suffered by Plaintiff are typical of those suffered by other putative class members, and Defendant treated the Plaintiff consistently with other putative class members in accordance with their standard policies and practices.

31. **Adequacy of Representation** – FED. R. CIV. P. 23(a)(4). Plaintiff is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent. Plaintiff has retained counsel

competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her Counsel will fairly and adequately protect the interests of members of the Class.

32. **Superiority** – FED. R. CIV. P. 23(b)(3). Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### ***Failure to Establish Reasonable Procedures to Assure Maximum Possible Accuracy***
### (Class Claim)

33. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

34. First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished about the Plaintiff and members of the putative class.

35. As a result of First Advantage's violations of 15 U.S.C. § 1681e(b), Plaintiff and members of the putative class suffered actual harm.

36. The violations by First Advantage were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, First Advantage was negligent, which entitles Plaintiff and the putative class members to recovery under 15 U.S.C. § 1681o.

37. Plaintiff and members of the putative class are entitled to recover damages, punitive damages, costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, the Plaintiff demands judgment for actual, statutory and punitive damages against the Defendant; for certification of the putative class pursuant to Fed. R. Civ. P. 23; for judgment for statutory and punitive damages against Defendant on the class claim; for a service award, attorneys' fees and costs, for pre-judgment and post-judgment at the legal rate, and such other relief the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff and the putative Class demand a trial by jury.

Respectfully submitted,

**MELISSA SELLERS, *on behalf of herself and others similarly situated***

By: *__/s/ Leonard A. Bennett*
Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB #89736
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com

Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
Casey S. Nash, Esq., VSB #84261
**KellyGuzzo, PLC**
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167 Facsimile
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com

Scott Surovell, Esq.
**Surovell Isaacs & Levy PLC**
4010 University Drive
Sceond Floor
Fairfax, Virginia 22030
Telephone: (703) 719-4072
Email: ssurovell@surovellfirm.com

*Counsel for Plaintiff*

